446 A.2d 1313

COMMONWEALTH of Pennsylvania

v.

Ronald A. FRANKLIN, Appellant.

Superior Court of Pennsylvania.

Submitted June 1, 1981.

Filed June 18, 1982.

18

20

Thomas A. Natishyn, Stroudsburg, for appellant.

James P. Gregor, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before ROWLEY, McEWEN and MONTEMURO, JJ.

McEWEN, Judge:

We here review an appeal from a judgment of sentence in which the sole contention of appellant is that the sentence of the court to a term of imprisonment of two and one half years to five years upon a charge of aggravated assault was excessive. We do not agree and, accordingly, affirm.

The criminal justice system has received in recent years abundant attention from the society it is designed to serve and that attention, often displayed by distress, is ever so frequently directed to the subject of sentencing. There has even been a simultaneous, although unrelated, mandated revision—more of the practices than of the principles—of Pennsylvania law upon sentencing by not only the legislature but also by the Supreme Court. The eminent Pennsyl-

vania Supreme Court Justice Robert N. C. Nix, Jr., quite aptly noted in *Commonwealth v. Cottle*, 493 Pa. 377, 382–83, 426 A.2d 598, 600 (1981):

Traditionally, appellate courts in this jurisdiction have been reluctant to intrude upon the sentencing discretion of trial courts. We have long maintained that the appellate scope of review of the sentencing decision should be limited to sentences that exceeded the statutorily prescribed limits or sentences which were so manifestly excessive as to constitute a constitutionally impermissible sentence. This perception evolved from our adherence to the concept of individualized sentencing and the belief that the effectuation of that objective was best served by granting broad discretion to the sentencing courts. More recently, question has been raised as to the wisdom of conferring upon the sentencing court almost unlimited, unstructured and unreviewable discretion. Both the legislature and this court have been gravitating to a curtailment of the unlimited discretion originally entrusted to the sentencing court. (citations and footnotes omitted).

The Pennsylvania Supreme Court has rejected as improper sentences imposed in accordance with a pre-established policy or standard for a particular offense since Pennsylvania has long been committed to the philosophy of sentencing aimed to promote rehabilitation as well as to provide punishment. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). These dual aims may be achieved when a sentencing judge has broad discretion to "determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed." *Id.,* 466 Pa. at 130, 351 A.2d at 656.

The Supreme Court in *Martin* made clear that the nature of the criminal act was not to be the sole basis for the determination of the length of sentence but that, in addition, inquiry was to be made into the character of the convicted individual and into any extenuating or mitigating circumstances, so as to enable the sentencing court to exercise its broad discretion in accordance with the applicable statutory requirements.

In the *Martin* opinion, the Supreme Court stated that it had earlier held in *Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973), that when the trial court orders a presentence investigation report, defense counsel has a right to examine its contents before sentencing and, if he contests any portion, to offer evidence in rebuttal.[1]

The Sentencing Code[2] delineates the sentencing alternatives[3] as (1) an order of probation; (2) a determination of

1. Pennsylvania Rule of Criminal Procedure 1404(a)(2) provides that counsel for the defendant may inspect and copy the pre-sentence report. That same subsection was amended on December 14, 1979, effective April 1, 1980, by deletion of the following provision:

 "... but counsel shall be given the opportunity to comment thereon before the imposition of sentence."

 The comment upon the 1979 amendment notes that the deleted language "was viewed as unnecessary in light of the similar provision in Pa.R.C.P. 1405(a)" which provides:

 Rule 1405. Sentencing Proceeding. At the time of sentencing, the judge shall:

 (a) afford the defendant the opportunity to make a statement in his own behalf and afford counsel for both parties an opportunity to present argument and information relative to sentencing;

 The Pennsylvania Supreme Court, in *Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973), clearly expresses the right of defense counsel to examine the contents of the presentence investigation report; while the Court in *Phelps* did not specifically express the right of defense counsel to offer rebuttal evidence to any portion of that report, the Supreme Court, in *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), states that *Phelps* expressed not only the right to examine the contents of a pre-sentence investigation report but also the right to offer rebuttal evidence to any portion of that report. It should be noted that Justice Samuel J. Roberts is the author of the *Phelps* opinion as well as the majority opinion in *Martin* in which the holding of *Phelps* is interpreted as providing defense counsel with the right to offer rebuttal evidence to the contents of a pre-sentence report. The right to offer such rebuttal evidence is quite a natural inferential right from the right to examine the pre-sentence investigation report since the right to examine the report is not only hollow but empty, if defense counsel, upon examining the report and finding contested information, were unable to offer rebuttal evidence. Rule of Criminal Procedure 1405 seems to confer the right to offer such rebuttal evidence since it directs the sentencing court to "afford counsel ... an opportunity to present ... information relative to sentencing...."

2. Act of December 6, 1972, P.L. 1482, No. 334 § 1301, added December 30, 1974, P.L. 1052, No. 345, 42 Pa.C.S.A. § 9701 *et seq.*

3. 42 Pa.C.S.A. § 9721(a).

guilt without further penalty; (3) partial confinement; (4) total confinement; and (5) a fine; and, while allowing a mingling of those alternatives, does by clear mandate declare that when selecting the alternative(s) to be imposed, "The court shall follow the general principle that the sentence to be imposed should cause confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community and the rehabilitative needs of the defendant." [4]

Our Supreme Court observed in *Martin, supra* 466 Pa. at 130 n. 20, 351 A.2d at 656 n. 20, that this legislative mandate was a codification of the philosophy that had long been implicit in Pennsylvania law.

The Sentencing Code also directs:

In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of the sentencing, a statement of the reason or reasons for the sentence imposed. 42 Pa.C.S.A. § 9721(b).

The distinguished Pennsylvania Supreme Court Justice Samuel J. Roberts provides in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) a most comprehensive treatise upon the reasons for and the benefits of such a requirement.

The Sentencing Code also provides specific grounds [5] which are to be accorded weight in favor of an order of

---

4. 42 Pa.C.S.A. § 9721(b).

5. 42 Pa.C.S.A. § 9722. Order of probation.
 The following grounds, while not controlling the discretion of the court shall be accorded weight in favor of an order of probation:
 (1) The criminal conduct of the defendant neither caused nor threatened serious harm.
 (2) The defendant did not contemplate that his conduct would cause or threaten serious harm.
 (3) The defendant acted under a strong provocation.
 (4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

24

probation, while it commands that the court, as a condition precedent to a sentence of total confinement, reach quite specific conclusions [6] after reflection upon the nature of the offense and the character of the defendant.

The Supreme Court held in *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977) that the record of the sentencing proceedings must reveal that the trial court concluded that probation and partial confinement were not appropriate. *See also Commonwealth v. Wicks*, 265 Pa.Super. 305, 401 A.2d 1223 (1979).

 The Sentencing Code has since its enactment been extensively discussed in appellate decisions. Those decisions make clear that the specific factors which the sentencing code has enumerated provide the sentencing court with guidelines for articulation of the reasons for the sentence and that, absent a statement of reasons, the record will not reveal whether the legislatively mandated factors had been

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or his dependents.

(12) Such other grounds as indicate the desirability of probation.

6. 42 Pa.C.S.A. § 9725. Total confinement.

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

considered. *Commonwealth v. Kostka, supra,* 475 Pa. at 92, 379 A.2d at 888; *Commonwealth v. Riggins, supra* 474 Pa. at 135, 377 A.2d at 151; *Commonwealth v. O'Brien,* 282 Pa.Super. 193, 197, 422 A.2d 894, 896 (1980). And, while the statement of the court at the sentencing proceedings need not specifically cite or include the language of the sentencing code, the statement of reasons provided by the court must demonstrate that the court has considered the factors specified in the code:

> It is better practice for the court to include in its statement of reasons for the sentence some reference to the guidelines specified in the Sentencing Code, with some explanation of how consideration of those guidelines affected the determination of sentence. Still, we should not hold a statement of reasons insufficient, and therefore require vacation and remand, when it is apparent that even though the court made no reference to the guidelines, it did consider and apply them. *Commonwealth v. Wareham,* 259 Pa.Super. 527, 534, 393 A.2d 951, 954 (1978). (Citation omitted).

*See also Commonwealth v. Doyle,* 275 Pa.Super. 373, 389, 418 A.2d 1336, 1344 (1979); *Commonwealth v. Bachert,* 271 Pa.Super. 72, 82, 412 A.2d 580, 586 (1979); *Commonwealth v. Wicks, supra,* 265 Pa.Super. at 314, 401 A.2d at 1227.

While the flurry of both legislative enactment and judicial expression reflects, in the view of most scholars and authorities, a more enlightened approach to a most troublesome social subject, that activity might also be considered in some ways to have been simply a reexpression of traditional precepts:

> The constraints placed upon the trial court in the exercise of its discretion are that it must not overlook pertinent facts, disregard the force of the evidence, commit an error of law, or inflict punishment exceeding that prescribed by statute. The trial court must thoroughly examine the facts and circumstances of the crime and the background and character of the defendant, and should consult a pre-sentence report if one has been prepared, especially

where, as here, incarceration for one year or more is a possible disposition. Likewise, the court should consider any information in the record bearing on degree of punishment. *Commonwealth v. Knight*, 479 Pa. 209, 212–13, 387 A.2d 1297, 1299 (1978) (citations omitted).

*See also Commonwealth v. Doyle, supra*, 275 Pa.Super. at 380, 418 A.2d at 1340; *Commonwealth v. Wicks, supra* 265 Pa.Super. at 310, 401 A.2d at 1225; *Commonwealth v. Valentin*, 259 Pa.Super. 496, 500, 393 A.2d 935, 937 (1978).

 A review of both the traditional principles and of the recent legislative and judicial edicts provides the following summary of precepts for the sentencing court:

The court must order, or record the reasons for not ordering, a presentence investigation report pursuant to the terms of Pennsylvania Rule of Criminal Procedure 1403, unless the case is within the narrow exceptions of § A(2) of that Rule.[7]

7. Rule 1403. Aids in Imposing Sentence.
 A. Pre-sentence Investigation Report.
 (1) The sentencing judge may, in his discretion, order a pre-sentence investigation report in any case.
 (2) The sentencing judge shall place on the record his reasons for dispensing with the pre-sentence investigation report if the court fails to order a pre-sentence report in any of the following instances:
 (a) where incarceration for one year or more is a possible disposition under the applicable sentencing statutes; or
 (b) where the defendant is less than twenty-one years old at the time of conviction or entry of a plea of guilty; or
 (c) where a defendant is a first offender in that he has not heretofore been sentenced as an adult.
 (3) The pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the court in determining sentence.
 B. Psychiatric or Diagnostic Examination.
 After a finding of guilt and before the imposition of sentence and after notice to counsel for both parties, the sentencing judge may order the defendant to
 (a) submit to psychiatric observation and examination, and for this purpose the defendant may be remanded to any available clinic, hospital or institution for a period not exceeding sixty (60) days, or
 (b) submit to diagnostic observation and examination, and for this purpose the defendant may be committed to a state correctional diagnostic and classification center for a period not exceeding sixty

The court must afford counsel for the defendant the right to examine the presentence report before sentencing and, if counsel contests any portion of that report, must afford counsel the right to offer evidence in rebuttal.

The court must afford the defendant, counsel for the defendant and counsel for the Commonwealth the opportunity to present information and conduct argument. The court must consider any information in the record, including the presentence report, that bears upon the degree of punishment and must thoroughly examine (1) the facts and circumstances of the crime and (2) the facts and circumstances of the background and character of the defendant and, in doing so, must not overlook pertinent facts or disregard the force of evidence or commit an error of law.

The court cannot impose a sentence pursuant to any predetermined policy or impose a sentence that exceeds the maximum prescribed by the statute.

The court must provide an indication that it concluded that probation and/or partial confinement were not appropriate.

The court can only impose total confinement if it is of the opinion that total confinement is necessary because: (1) there is undue risk that during the period of probation or partial confinement the defendant will commit another crime; (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or (3) a lesser sentence will depreciate the seriousness of the crime of the defendant. The court must express upon the record the reasons for the sentence that is imposed. The court is well advised to make specific reference to the statutory guidelines when expressing the reasons for the sentence imposed.

Certain of these precepts are quite specific while others, of course, are somewhat abstract, resembling more notion than regulation. It might be said that certain of the precepts

(60) days. The report of such examination may be considered the equivalent of a pre-sentence investigation report.

simply call for the judge to impress upon the record the conscious factors that compose the basis for the sentence, some of which, in the past, while certainly present, many times went unexpressed; it has already been said that none of the precepts alter the traditional duty of the sentencing judge. And yet, for whatever structure, balance, standardization and clarity of perspective may have been achieved in recent years through the emanation provided by both legislative and judicial effort, it would seem that acceptance by the legislature of the guidelines for sentencing recently adopted by the Pennsylvania Commission on Sentencing finds us at the threshold of the transformation sought by the General Assembly when it established in 1978 the Pennsylvania Commission on Sentencing to effect "a standard statewide framework for sentencing." Comment to 204 Pa.Code, Ch. 303, Pa.Bull.Vol. 11, No. 42; Saturday, October 17, 1981 at p. 3597.

We here review the proceedings of the sentence imposed by the learned and distinguished Forty-Third Judicial District Common Pleas Court Judge Harold A. Thomson, Jr., as a result of the guilty pleas by appellant to a charge of aggravated assault. Counsel for appellant agreed at the time the plea was entered that the following statement by the District Attorney to the court was an acceptable summary of the crime:

MR. MARSH [District Attorney of Monroe County]: Yes, sir. This case arises out of an incident taking place on November 19, 1979 in the Borough of Stroudsburg about 3:30 in the afternoon. The victim in this case, Ira Hayes, a 14 year old boy present in the courtroom accompanied by his parents, was leaving the East Stroudsburg School on the way home from school. Apparently, Mr. Franklin and some of his friends approached the victim, Ira Hayes, and some conversation took place, at which time Mr. Franklin allegedly asked Mr. Hayes if he could give him a dollar, and Mr. Hayes told him no, he couldn't, or he didn't have a dollar, and the conversation went back and forth between Mr. Hayes and Mr. Franklin about this dollar. Ultimate-

ly, the dollar was not given to Mr. Franklin, and Mr. Franklin, who was wearing a cast on his arm, began striking Mr. Hayes in the face and head with this cast, knocking him down. The incident took place over a short period of time. He was struck a number of times. Eventually, the victim got away and ran home. He explained what happened to his parents, who called the police. The victim was taken to the hospital in East Stroudsburg, where he was treated by Dr. Eisenhart. He had x-rays done. He suffered an injury to his head as a result of the blows.

THE COURT: Mr. Natishyn, you have heard the statement of the District Attorney. I would ask you at this time if you have any counterstatement, or if you generally agree with what has been stated?

MR. NATISHYN: Your Honor, we accept the statement as correct.

The guilty plea proceedings were concluded on January 7, 1980 and the imposition of sentence was deferred by the court pending presentence investigation. The sentencing hearing was held on February 25, 1980 and a hearing upon the petition of appellant to reconsider the sentence was held on June 9, 1980. A review of the transcript of the sentencing hearing reflects the compliance of the judge with all of the requirements. After counsel for the defendant had addressed the court on behalf of appellant including the expression by counsel of his disagreement with the position of the probation officer that appellant was not amenable to any kind of rehabilitation, and after appellant had declined to make any statement to the court, the court stated:

THE COURT: Mr. Natishyn [defense counsel], I couldn't disagree with you more. This particular defendant, Ronald Franklin, has been given many opportunities for rehabilitation. He has a long record, as you are probably aware, not only as an adult, but as a juvenile, and he has been in a number of institutions, and a number of people have counseled him and worked with him. He has gotten every benefit our system can try to give him. He has

been, for example, in Glen Mills School. He was assigned his own counselor. Someone was with him at all times. He ran away from there. He was in and out of any number of institutions where people have tried to help him, and to work with him. I cannot imagine anybody who has ever come through the system where more people have tried to rehabilitate, and tried to counsel. It is just not a true statement of fact to say nobody has tried to work with him, or tried to rehabilitate him. It gets down to the old story that no one can impose rehabilitation upon you if you do not want to be rehabilitated. You have to rehabilitate yourself. No one can rehabilitate you.

Looking at his record, it goes back to 1975 as a juvenile. He has an extensive record involving serious crimes, including Burglary, Theft, and Criminal Mischief, Arson, Robbery. He has an adult record for Burglary, which he has served time for. He has assaultive crimes in addition to the crime he is here for today. As to the crime he is here for today, he showed complete disregard for other people. He assaulted this younger boy in a very callous way, and injured him. I just can't conclude anything else but that he is a threat to the general public and to himself.

 While the court did not make specific reference to the statutory guidelines, the court provided a clear indication of its conclusions that probation or partial confinement were not appropriate as well as that appellant presented an undue risk and was in need of institutional commitment for commission of so serious an offense. While at the hearing upon the petition for reconsideration, counsel for the defendant referred to an auditory-perceptual problem suffered by appellant so that the judgment and character development of appellant was not commensurate with his age, the court responded directly to that contention. It may be noted that the transcript of the hearing upon the petition for reconsideration seems to indicate the application for reconsideration was provoked every bit as much by the distress of appellant

at the fact of imprisonment as much as the prescribed length of it.

The prevailing principle may be stated:

It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information. *Commonwealth v. Martin, supra,* 466 Pa. at 131, 351 A.2d at 657.

We have earlier catalogued the current "certain procedural" limits that restrict the discretion of the sentencing court. Our review of the record compels the conclusions that the court observed all of those procedural limits and requirements and that the sentencing court did not abuse its discretion by imposing an excessive sentence. We, therefore, will not disturb the sentence imposed.

Judgment of sentence affirmed.