520 A.2d 43

**COMMONWEALTH of Pennsylvania**

v.

**Peter RUFFO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1986.

Filed Jan. 15, 1987.

Elaine DeMassee, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and McEWEN, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from judgment of sentence imposed following appellant's plea of guilty to burglary, indecent assault, aggravated assault, possession of an instrument of crime and kidnapping. Appellant contends that the trial court abused its discretion in sentencing him to 20 to 40 years total confinement when it failed to consider any factor other than the nature of the crime involved. We have carefully reviewed the record and conclude that this contention has merit. Accordingly, we vacate the judgment of sentence and remand the case for resentencing.

The trial court set out the facts as follows.

On August 10, 1984, Stephen and Anita McBeth, 2636 Brown Street, City and County of Philadelphia, hereinafter Complainants, resided at the aforementioned address with their two children, Micah and Leila. On the evening in question, Leila was two years of age. At approximately 9:00 p.m., the Complainants put the two children to bed together in the second floor middle bedroom. At approximately 11:00 p.m., the Complainants retired to bed and Mrs. McBeth checked on the children prior to returning and both were in their beds asleep.

On the morning of Saturday, August 11, 1984, Mrs. McBeth arose at approximately 6:30 a.m. and began to prepare breakfast. Her son Michah came downstairs and questioned the whereabouts of his sister, Leila. The entire family frantically searched the house for Leila, but to no avail. The family summoned the police when they observed that a window fan in the home's living room had

been forced out and was lying on the floor leaving the window wide open.

A search was immediately commenced of the neighborhood for the young child and she was located in a badly beaten condition lying in an alley approximately one block from her home. Philadelphia Police Detective Matthew Hrobak would testify, "she (Leila) was in a fetal position with her head facing South and the child was covered from head to toe with fecal matter. There was a diaper about three feet away with no fecal matter on it. Leila had several cuts and bruises all about her body. At the time she was not breathing and appeared to be blue." (N.T. January 6, 1986, Page 55). The detective would further testify "... underneath Leila there were two pools of blood and green glass covered with what he thought was blood. The child was bleeding from her neck, chest, abdomen, and her vagina and that she had no pulse and her skin was cold" (Ibid Page 56). The child was transported to Hahnemann University Hospital where she was admitted into the Intensive Care Unit for five days and discharged from the hospital on August 21, 1984. Dr. Harry Kaplan, Chief of Pediatric Services for Hahnemann Hospital, indicated Leila's diagnosis upon admission as follows:

"Extensive bruises on the forehead and both temples, bruising of both ears, a three to four centimeter deep laceration across the front of her neck exposing her sterno-mastoid muscle; there were multiple lacerations across the abdomen, multiple lacerations across the chest wall, a vaginal laceration and a third degree tear of the vagina, that the rectal mucosa was torn and exposed and there were extensive blood clots indicating recent bleeding in both the vaginal and anal regions. There was multiple scratches over her entire body and she was in a state of shock, not fully conscious, very high pulse rate and very weak."

Further, as a result of the deep cuts on the Complainants chest, abdomen and neck, permanent scarring has

occurred which may possibly be eradicated, if at all, only through plastic surgery.

Opinion at 2–3.

Appellant was arrested on August 14, 1984. At that time appellant gave a statement detailing what he remembered of the crime. He admitted that he had entered the McBeth home during the evening of August 11, 1984 and that, upon seeing Leila wake up, had "freaked out" and "just grabbed her." (N.T. 1/6/86, 72). He recalled carrying Leila downstairs, out the window through which he had entered and to the alley where she was found. (N.T. 1/6/86, 72). Appellant stated that he picked up a beer bottle which was lying in the alley and then said that that was all he could remember. Shortly thereafter, however, when questioned further, appellant said he thought he remembered "going over her chest with the bottle and telling her to shut up." (N.T. 1/6/86, 74). A mental health evaluation indicates that appellant said he had been drinking and using drugs (quaaludes) prior to the incident and that he had entered the McBeth home intending to rob it.

After denying a motion to suppress appellant's statement and its fruits, the trial court accepted appellant's open plea of guilty on January 6, 1986. Following a hearing on May 5, 1986, the trial court imposed prison sentences of ten to twenty years for the burglary, and ten to twenty years for the kidnapping, which were to run consecutively; and terms of one to two years for indecent assault, five to ten years for aggravated assault, and two and one-half to five years for possession of an instrument of crime, all of which were to run concurrently with the sentence for burglary.

Appellant filed a petition to reconsider sentence on May 14, 1986, which the trial court denied without a hearing on the same date. This appeal followed.

■■■■ Appellant argues that the sentence was manifestly excessive and an abuse of discretion in that the trial judge failed to consider the relevant sentence guideline ranges, 42 Pa.Cons.Stat. § 9721, 204 Pa.Code § 303.2, *et seq.* (hereinafter referred to as "sentencing guidelines"), or any other

relevant factor except the nature of the crime itself. Sentencing is a matter within the sound discretion of the trial court. *Commonwealth v. Simpson,* 353 Pa.Super. 474, 510 A.2d 760 (1986). The trial court, however, must exercise its discretion in view of statutory guidelines and considerations. *Commonwealth v. Hollerbush,* 298 Pa.Super. 397, 444 A.2d 1235 (1982). We stated the prevailing principle in *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982):

> It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information.

*Id.,* 301 Pa.Super. at 31, 446 A.2d at 1320 (quoting *Commonwealth v. Martin,* 466 Pa. 118, 131, 351 A.2d 650, 657 (1976)). When so exercised, the sentence will not be disturbed by an appellate court unless it is so clearly excessive as to constitute an abuse of discretion. *Commonwealth v. Hollerbush, supra,* 298 Pa.Super. at 406–407, 444 A.2d at 1240.

A sentencing court's responsibilities are set forth in the Sentencing Code, 42 Pa.Cons.Stat. § 9701, *et seq.* Of significance, a sentencing court must consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and set out in 42 Pa.Cons.Stat. § 9721, 204 Pa.Code § 303.2, *et seq.* 42 Pa.Cons.Stat. § 9721(b). If the court departs from these guidelines, it must provide a "contemporaneous written statement" of the reason or reasons for the deviation. *Id.* Further, in imposing a sentence of total confinement, the sentencing court must consider the history, character and condition of the defendant and not only the nature and circumstances of the crime. 42 Pa. Cons.Stat. § 9725; *Commonwealth v. Arent,* 352 Pa.Super. 520, 508 A.2d 596 (1986). Additionally, the court must follow "the general principle that the sentence imposed

should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.Cons.Stat. § 9721(b).

Our Supreme Court summarized the limits restricting a sentencing court's discretion in *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978):

> The constraints placed upon the trial court in the exercise of its discretion are that it must not overlook pertinent facts, disregard the force of the evidence, commit an error of law, or inflict punishment exceeding that prescribed by statute. The trial court must thoroughly examine the facts and circumstances of the crime and the background and character of the defendant, and should consult a pre-sentence report if one has been prepared, especially where, as here, incarceration for one year or more is a possible disposition. Likewise, the court should consider any information in the record bearing on degree of punishment.

*Id.*, 479 Pa. at 212–213, 387 A.2d at 1299 (citations omitted). *See also Commonwealth v. Doyle*, 275 Pa.Super. 373, 380, 418 A.2d 1336, 1340 (1979); *Commonwealth v. Wicks*, 265 Pa.Super. 305, 310, 401 A.2d 1223, 1225 (1979); *Commonwealth v. Valentin*, 259 Pa.Super. 496, 500, 393 A.2d 935, 939 (1978).

■ After thorough review of the record in light of the foregoing standards and principles, we agree with appellant that the trial court did not adequately discharge its sentencing responsibilities. We therefore vacate the judgment of sentence and remand for resentencing.

■ Beginning our review, we observe first that, although the sentence is within the limits prescribed by statute, the sentencing judge deviated substantially from the sentencing guideline ranges. In fact, the trial judge imposed the statutory maximum sentence for each crime to which appellant pled guilty. Thus, for kidnapping, which has an offense gravity score of 8, the sentencing guidelines

recommend a minimum sentence of 24 to 48 months in the standard range and 48 to 60 months in the aggravated range. The trial court, however, imposed a sentence of 10 to 20 years for the kidnapping charge. For both the burglary and the aggravated assault, each of which has an offense gravity score of 7, the recommended minimum sentence is 8 to 12 months in the standard range and 12 to 18 months in the aggravated range. The trial judge sentenced appellant to 10 to 20 years on the burglary and 5 to 10 years on the aggravated assault.[1] Significantly, the highest possible minimum sentence suggested by the guidelines' aggravated range if all sentences were to run consecutively would have been eleven and one-half years.[2] Accordingly, appellant's cumulative sentence of 20 to 40 years was almost double that recommended by the sentencing guidelines. We recognize that these guidelines are not mandatory. Where the trial court deviates so substantially, however, we believe it is especially important that the court consider all factors relevant to the determination of a proper sentence.

Instantly, however, the trial court focused on the seriousness and gravity of the offense in sentencing appellant. During the sentencing colloquy, the court pointed out that:

[T]he legislature, when they promulgated the potential penalties for the commissions of certain crimes, kidnapping and burglary, as it is, the most serious involved here, it doesn't seem to me it was in the realm of their normal knowledge or anticipation that any court would be confronted with this type of situation, namely where the victim is, for all practical purposes, a defenseless two-year-old that was abducted during the course of a burglary....

N.T. 5/5/86, 37–38. Emphasizing the nature and circumstances of the crime, the trial judge further remarked:

1. These ranges are based upon a prior record score of zero.
2. The aggravated range for indecent assault is the statutory limit of two years, assuming an offense gravity score of 2 and the aggravated range for possession of an instrument of crime is twelve to eighteen months, assuming an offense gravity score of 4.

Even if I accept that speculation that Mr. Ruffo, instead of just fleeing from the premises, removed what he perceived to be the person that was thwarting his plans, whether it be a petty or serious burglary, the point that bothers me, he removed it by taking that person out of the house, which in effect as it turns out, since no one was aware inside the house what was going on, that he achieved that purpose and could have secured his escape.

I am constrained to remark he not only did that but executed injury on the person that thwarted his burglary by taking that person in the alley and inflicting the type of injuries.

I say that because it seems to me under that scenario the infliction of the injuries and the distance removed from the subject premises, where the person lived, was an expression of no more than pure violence or viciousness.

N.T. 5/5/86, 38–39. Prior to imposing sentence, the trial judge also commented:

The fact it is a two-year-old child is what underlines this type of case, because in no one's mind could the two-year-old child be a threat to the person committing the burglary as in those situations where we have a burglary discovered by the adult owner of the premises.

The guidelines were mentioned. I must say the sentence I'm going to give ... will be not within the minimum range of the guidelines; it will be beyond the aggravated range.... Which is what led me to remark originally that both in the Statute and the guidelines the Legislature probably didn't contemplate this type of situation would occur.

N.T. 5/5/86, 45–46.

■ Without question, appellant's crime was outrageous. In deciding this appeal as we do today we do not mean to ignore or underestimate either the heinous nature of the crime or its impact on the lives of the victim and her family. Indeed, such factors require that appellant be imprisoned for a substantial period. As grievous as the facts are, however, a sentencing court may not, as this court seemed

to do, base its sentence upon the seriousness of the crime alone. *See Commonwealth v. Butch,* 487 Pa. 30, 407 A.2d 1302 (1979); *Commonwealth v. Parrish,* 340 Pa.Super. 528, 490 A.2d 905 (1985), *appeal granted,* 508 Pa. 612, 499 A.2d 1063 (1985); *Commonwealth v. Rooney,* 296 Pa.Super. 288, 442 A.2d 773 (1982). As we stated in *Commonwealth v. Franklin, supra,* 301 Pa.Super. at 21, 446 A.2d at 1315:

> The Supreme Court in *Martin* made clear that the nature of the criminal act was not to be the sole basis for the determination of the length of sentence but that, in addition, inquiry was to be made into the character of the convicted individual and into any extenuating or mitigating circumstances, so as to enable the sentencing court to exercise its broad discretion in accordance with the applicable statutory requirements.

*Id.* (referring to *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976)). *See Commonwealth v. Peters,* 358 Pa.Super. 94, 516 A.2d 1197 (1986).

■ Our difficulty therefore lies in the trial court's failure to consider and evaluate, during the sentencing colloquy, the extenuating or mitigating circumstances present in this case.[3] A review of the record demonstrates that, at the time of sentencing, appellant was a young man of twenty-one and, more importantly, that he had had no significant prior contacts with the criminal justice system.[4] The mental health report indicates that appellant has abused drugs and alcohol from a very young age and that he had been drinking and using drugs on the night of the incident. Additionally, appellant confessed to the crime and subsequently pled guilty, thereby saving the victim's family the pain of hearing the whole story over again. Finally, the presentence investigation concludes that this offense was

---

**3.** The trial court's statement in its opinion that it considered all of the appropriate factors does not cure its failure to do so during sentencing. *See Commonwealth v. Holler,* 326 Pa.Super. 304, 308, 473 A.2d 1103, 1106 (1984).

**4.** Appellant had received Accelerated Rehabilitative Disposition for an attempted theft at age nineteen and had had no juvenile arrests or adjudications.

apparently "situational in nature and not indicative of a persistent problem regarding the subject and his involvement with violent assaultive behavior."

On remand, these circumstances as well as any other indications of appellant's history, character and condition must be weighed against the nature and circumstances of the crime and any additional aggravating circumstances present. We note further that, while the gravity of this offense is very high and the protection of the public is an important consideration, the confinement imposed must also be consistent with appellant's rehabilitative needs. Concerning these factors, we recently stated, in reversing a total sentence of thirty to sixty years for six armed robberies:

> It was also necessary to weigh the effect of a cumulative minimum sentence of thirty years, which would take a relatively young man through the prime of his life for a term twice as long as the average life sentence, under a system which unlike the federal system or that of other states, does not permit review and parole upon good behavior in substantially less time than the minimum sentence provides. The weighing, in which the trial court must engage, is a balancing of the defendant's entire prior life against the crime spree of less than six months for which he was convicted. Simply reciting that the alternatives were considered and rejected ignores the task of weighing those factors when it is apparent that they must be considered.

> As the trial court aptly pointed out, she is unable to predict the future, therefore, to the extent that we must make a judgment as to future behavior, we cannot ignore and must be guided by the past. Unquestionably, the safest approach for society and the only way to protect against recidivism, is a virtual life sentence for any offender. This is an unacceptable price to pay to protect society and our sentencing structure must be such that where warranted, an individual has a second or even more chances to become a productive member of society.

*Commonwealth v. Simpson, supra,* 353 Pa.Super. at 474, 510 A.2d at 763–764 (1986).  We then concluded that:

To impose a minimum sentence of thirty years discounts the possibility of rehabilitation and effectively removes appellant from society for his potential working life, precluding the possibility of his ever becoming a contributing member of society.

*Id.*

In view of the standards and principles discussed above, we conclude that the trial court, in sentencing appellant, failed to consider and weigh the appropriate factors as required by statute and set forth by our case law.  We therefore find an abuse of discretion which requires that we vacate the judgment of sentence and remand for further proceedings consistent with this opinion.

Prior to concluding, however, we note that, at first blush, our approach may appear to be inconsistent with that set forth in *Commonwealth v. Martin,* 328 Pa.Super. 498, 477 A.2d 555 (1984) (*en banc*).  We held in *Martin* that if the appellant does not properly raise the issue of the adequacy of the trial court's reasons for imposing sentence, *see Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), then that issue is waived.  In rendering our decision, we added that "if, in the context of an excessive sentence claim, we can determine from the entire record before us, that the sentence imposed was not excessive and there was no abuse of discretion, as we have done in the instant case, the inquiry is at an end." *Commonwealth v. Martin, supra,* 328 Pa.Super. at 511, 477 A.2d at 562.  Having found no abuse of discretion, we then concluded that we would not remand for further elaboration by the trial court, even if the reasons for the sentence imposed, if properly challenged independently, would have been insufficient to support the sentence.

■ Instantly, appellant has not raised the adequacy of the trial court's reasons for sentence as an issue for our review.  Moreover, the appeal before us is based on an excessive sentence claim.  Significantly, however, unlike

the court in *Martin,* we have found that the trial court abused its discretion by failing to consider all the relevant factors and implement the appropriate procedures in sentencing appellant. We believe the *Martin* decision allowed for remand under these circumstances.

While we find that our approach is consistent with *Martin,* we limit our holding to the circumstances of this case. We therefore caution that our decision should not be interpreted to impair the rule set forth above as enunciated in *Martin.*

On remand, the sentencing court must consider and evaluate the relevant factors in accordance with this opinion. If, after following the required procedures, the sentencing court concludes that the sentence imposed is appropriate, it may allow its original sentence to stand. If, alternatively, it determines that its original sentence is inappropriate, it shall resentence appellant consistent with its findings on remand.

Judgment of sentence of the trial court is vacated and the case is remanded. Jurisdiction is relinquished.