J-S31025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER RICHARDSON | |
| Appellant | No. 1598 WDA 2018 |

Appeal from the Judgment of Sentence entered October 17, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0009495-2014

BEFORE: OLSON, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED  AUGUST 27, 2019**

Christopher Richardson ("Richardson") appeals from the judgment of sentence entered on October 17, 2018 in the Court of Common Pleas of Allegheny County. Richardson contends the trial court abused its discretion by imposing a sentence of ten to twenty years' incarceration following Richardson's entry of an open guilty plea for third-degree murder, 18 Pa.C.S.A. § 2502(c). Upong review, we affirm.

In its Rule 1925(a) opinion, the trial court explained:

On July 5, 2014, [Richardson] was charged with one count of criminal homicide under 18 Pa.C.S.A. § 2501(a) and one count of robbery, inflicting serious bodily injury, under 18 Pa.C.S.A. § 3701(a)(1)(i). On February 21, 2017, pursuant to a plea agreement, the Commonwealth amended the general criminal homicide charge to third degree murder (18 Pa.C.S.A. § 2502(c)) and withdrew the count of robbery. [Richardson] entered a plea of guilty to the sole count of third degree murder. A pre-sentence report was ordered. On May 15, 2017, [Richardson] was

sentenced to serve ten (10) years to twenty (20) years in a state correctional institution with 1,045 days of credit for time served. [Richardson] filed an appeal from that order of sentence on July 28, 2017. The Pennsylvania Superior Court ultimately reversed and remanded this matter for resentencing on the basis that this court did not state on the record whether [Richardson] was RRRI eligible.

On October 17, 2018, this court re-sentenced [Richardson] to serve ten (10) to twenty (20) years in a state correctional institution, found that he was not RRRI eligible, and gave him credit for time served in the amount of 1,566 days. [Richardson] filed post-sentence motions, which were denied.

[Richardson] timely filed his notice of appeal on November 9, 2018. On December 4, 2018, [Richardson] filed his concise statement of errors complained of on appeal wherein he raised the following issue: the trial court abused its sentencing discretion because it failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the character, personal history, and rehabilitative needs of [Richardson] as required by 42 Pa.C.S.A. §9721(b).

Trial Court Opinion, 12/11/18, at 1-2 (some capitalization omitted).

At Richardson's guilty plea hearing the parties stipulated to the following

facts:

On July 5, 2014, at approximately 11 a.m., [Richardson] called 911 from the Sunoco located on 533 Brookline Boulevard. He told the dispatcher that the person he was living with at the time, Alan Krupitzer, the victim in this case, who was age 75, was either stabbed or shot and appeared to be dead.

Officers responded to the Sunoco and made contact with [Richardson]. [Richardson] took the police to 2329 Pioneer Avenue, where the [Richardson] was staying with Krupitzer, and told the police that Krupitzer was on the ground bleeding but that he didn't know what happened to him.

Medics arrived on the scene and pronounced Krupitzer dead at 11:16 a.m. [Richardson] was then transported to Pittsburgh

police headquarters, where he waived his Miranda rights and agreed to provide a statement.

Initially [Richardson] denied having any involvement in the death of Krupitzer but then admitted that he had asked Krupitzer for money so he could buy himself some beer.

[Richardson] further stated that when Krupitzer denied having any money, that he had checked Krupitzer's pockets for money and Krupitzer pushed him away. [Richardson] then stated that he got a knife and stabbed Krupitzer multiple times in the stomach and the heart.

An autopsy was performed on the body of Alan Krupitzer. The autopsy revealed multiple sharp force injuries of the trunk, to include a stab wound to the shoulder, two stab wounds to the chest and three stab wounds to the back. The cause of death was determined to be multiple stab wounds of the trunk.

*Id.* at 2-3 (quoting Notes of Testimony, Plea Hearing, at 6-7).

As noted above, Richardson filed this appeal from the judgment of sentence imposed on October 17, 2018 following remand from this Court. Richardson asks us to consider one issue:

I.    In again sentencing Mr. Richardson to 10-20 years' incarceration, whether the trial court abused its discretion because it failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense, and the character, personal history, and rehabilitative needs of Mr. Richardson, as required by 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 5.

As this Court recently reiterated:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on

- 3 -

appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Nevel*, 203 A.3d 229, 247 (Pa. Super. 2019) (quoting

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal

quotations and citations omitted)). With respect to a challenge to the

discretionary aspects of sentence, we recognized:

> "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 628 Pa. 627, 104 A.3d 1 (2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:
>
> > (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.
>
> *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 624 Pa. 679, 86 A.3d 231 (2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014).

*Id.* at 246.

The record confirms that Richardson has complied with the first three prongs of the test. He preserved the issue by raising it in a *nunc pro tunc* post-sentence motion, which the trial court entertained but denied. He filed a timely notice of appeal and included a Rule 2119(f) statement in his brief. As to whether he has satisfied the fourth prong, even the Commonwealth concedes he has raised a substantial question by asserting the trial court failed to consider relevant sentencing factors. **See** Commonwealth Brief at 15-16 (citing **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012)). Therefore, we shall consider the merits of his claim.

Here, the trial court explained that it considered the evidence presented at Richardson's original sentencing and resentencing hearings. Trial Court Opinion, 12/11/18, at 4. Importantly, the trial court had the benefit of a pre-sentence report at the time of Richardson's original hearing. As this Court recently restated:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (quoting *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988)). "Accordingly, '[w]here the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Id.* (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 849–50 (Pa. Super. 2006).

In support of his assertion that the trial court abused its discretion, Richardson relies on *Commonwealth v. Ruffo*, 520 A.2d 43 (Pa. Super. 1987) and *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011). Appellant's Brief at 42-48. However, those cases are inapposite. Specifically, in *Ruffo*, we vacated the judgment of sentence because the trial court failed to consider any factor other than the nature of the crime. Similarly, in *Coulverson*, we vacated the sentence as excessive and unreasonable, finding the trial court focused on the victim's impact statement and the severity of the offense.

By contrast, as the Commonwealth notes, the trial court not only had the pre-sentence report, it also had the benefit of information about Richardson's history by virtue of a report from Richardson's psychiatric expert. Commonwealth Brief at 21. In addition, the trial court heard the testimony of four witnesses who were Richardson's friends or family members as well as testimony from Richardson himself. *Id.* at 21-22. Moreover, Richardson's

counsel provided information relating to Richardson's progress while in prison after the first sentencing hearing. As the court explained,

> While it is clear to this court that [Richardson] has been participating in programs at his state correctional institution, and commends [Richardson] for doing so, his participation does not mitigate the violent act he committed on July 5, 2014 to such an extent as would warrant a below-the standard range sentence. The sentence of ten (10) to twenty (20) years' total confinement is slightly below the middle of the standard range of the guidelines. This court detailed its reasons for imposition of this sentence in its November 7, 2017 opinion, which stated as follows:
>
>> As stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010)[,] "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Moury**, 992 A.2d at 171.
>>
>> Based upon the testimony presented at the sentencing hearing, the contents of the pre-sentence report, and the expert report of Dr. Barbra Ziv, this court found that a sentence of total confinement was necessary given [Richardson's] inability to control his alcoholism while not incarcerated and the gravity of the crime [Richardson] committed. The crime committed by [Richardson] was particularly violent considering [Richardson] stabbed Alan Krupitzer in the abdomen with a knife, then returned to stab him in the heart. The sentence guidelines submitted in this matter detail that the standard range started at ninety (90) months and ended at two hundred forty (240) months. This court's sentence of one hundred twenty (120) to two hundred forty (240) months of total confinement fall[s] in the middle of the standard range of the guidelines. As such, it is presumed to be appropriate.

Trial Court Opinion, 12/11/18, at 4-5 (some capitalization omitted).

We find no abuse of discretion or error of law in the trial court's imposition of a standard-range sentence of ten to twenty years in prison. Richardson has failed to establish that the trial court "ignored or misapplied

the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing its sentence. *Nevel*, 203 A.3d at 247. Therefore, we will not disturb it.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2019