J-S24010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK D. REDFIELD | : | |
| | : | |
| Appellant | : | No. 20 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 10, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000350-2023

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: September 19, 2025**

Appellant Mark D. Redfield appeals from the judgment of sentence imposed following his guilty plea to third-degree murder.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence, arguing that the trial court improperly considered an inference when making the sentencing decision.  We affirm.

The relevant facts of this matter were established at Appellant's guilty plea hearing.  Appellant admitted that on May 24, 2023, he killed April Dunkle ("Victim") with malice.  N.T. Guilty Plea Hr'g, 1/17/25, at 9.  Specifically, Appellant retrieved a .30-06 rifle, pointed the rifle in the direction of Victim, and "a round was discharged into the head of [Victim] causing her death." *Id.* at 9-10.

---

[1] 18 Pa.C.S. § 2502(c).

The trial court summarized the procedural history of this case as follows:

On August 21, 2024, [and by a later amendment, Appellant was charged with first- and third-degree murder]. On October 2, 2024, [Appellant] entered a guilty plea to [third degree murder]. The guilty plea stated that the agreed upon minimum period of incarceration would be in the range of thirteen and a half (13 ½) years to sixteen and a half (16 ½) years to be decided by the judge. Additionally, the recommendation set forth in the plea called for the imposition of the statutory maximum of forty (40) years imprisonment. On December 10, 2024, [Appellant] was sentenced to a minimum term of imprisonment of sixteen and a half (16 ½) years to a maximum of forty (40) years followed by a consecutive twelve (12) months of reentry supervision.

On December 20, 2024, [Appellant] filed a post-sentence motion asserting that the court abused its discretion when the court indicated on the record at the time of sentencing that the [Appellant] "pulled the trigger" shooting [] Victim in the head. The court denied the motion without a hearing on December 23, 2024. On January 3, 2025, [Appellant] filed the instant appeal from the Order of Sentence entered December 12, 2024.

Trial Ct. Op., 3/3/25, at 1-2 (footnotes omitted and some formatting altered).

Upon Appellant's timely filing of a notice of appeal, both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Was the sentence in this case manifestly excessive and clearly unreasonable and did the court base its sentence on facts not in evidence in this case?

Appellant's Brief at 2 (footnote omitted and some formatting altered).

Appellant claims that the trial court abused its discretion by fashioning an excessive sentence based on the court's inference that Appellant "pulled the trigger" of the gun that killed [] Victim. *Id.* at 5. Appellant explains that

he "did not admit to pulling the trigger[]" and "maintained throughout this case, including at sentencing, that [Victim's] death was indeed an accident." *Id.* at 5, 7. Appellant contends that the court improperly based his sentence off an "assumption that the shooting in this case was not accidental, despite the lack of facts to support that conclusion[.]" *Id.* at 8. Appellant argues that the court's assumption that he pulled the trigger resulted in an unreasonable sentence that did not reflect the nature and circumstances of the offense, the findings the plea was based upon, or his acceptance of accountability and remorse. *Id.* at 8-9.

Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Watson*, 228 A.3d 928, 934-35 (Pa. Super. 2020) (providing that a claim that a sentence is manifestly excessive and a claim that the sentencing court failed to properly consider sentencing factors challenge the discretionary aspects of sentencing). "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Druce*, 796 A.2d 321, 334 (Pa. Super. 2002) (stating a claim that the sentencing court

relied on matters not of record in fashioning its sentence raises a substantial question).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

- 5 -

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. **See Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" **Id.** (citation omitted).

Further, a sentencing court may not consider "unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant" in reaching its sentence. **Commonwealth v. Karash**, 452 A.2d 528, 528-29 (Pa. Super. 1982) (citations omitted). However, the sentencing court "must not overlook pertinent facts" and "should consider any information in the record" that may affect the appropriateness of a penalty imposed. **See Commonwealth v. Franklin**, 446 A.2d 1313, 1317 (Pa. Super. 1982) (citations omitted). Facts about the nature and circumstances of the offense that are not explicitly mentioned during the guilty plea hearing may be considered in reaching a sentencing decision. **See Commonwealth v. Kerr**, 935 MDA 2020, 2021 WL 1923749, at *4-5 (Pa. Super. filed May 13, 2021) (unpublished mem.).[2] Moreover, a sentencing court may draw reasonable inferences based on

---

[2] **See** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

admitted facts and take such inferences into consideration for sentencing decisions. *See Druce*, 796 A.2d at 336.

In *Druce*, this Court held that the sentencing court did not abuse its discretion in sentencing by considering inferences drawn from the defendant's guilty plea. *See id.* at 335-36. In exchange for Druce pleading guilty to tampering with evidence, insurance fraud, and accident involving death or personal injury, the Commonwealth dropped the charge of homicide by vehicle. *See id.* at 325, 332-33. During his guilty plea hearing, Druce admitted that his vehicle struck the victim, he left the scene of the accident, and the death of the victim was a result of the accident. *See id.* at 333.

On appeal, Druce challenged his sentences for insurance fraud and evidence tampering, which were above the relevant sentencing guidelines, arguing that the sentencing court "relied on matters he was not authorized to consider" in imposing those sentences. *Id.* at 334. The sentencing court explained, "the evidence tampered with involved a homicide investigation. We consider that to be aggravating and worthy of sentencing outside the guidelines." *Id.* at 335. However, Druce argued that "the homicide by vehicle charge was dropped by the district attorney, and so the [sentencing] court was not permitted to consider it." *Id.* at 336.

This Court clarified that the sentencing court made a reasonable inference based on Druce's admission that "[the victim] was killed as a result of the impact with [Druce's] vehicle." *Id.* Further, the *Druce* Court concluded

that a guilty plea does not prevent a sentencing court from making reasonable inferences from the record in determining its sentence. ***See id.***

Here, the sentencing court concluded:

In this case, the sentencing court's statement that [Appellant] "pulled the trigger" is a reasonable inference based upon the factual basis placed on the record at the guilty plea hearing. In the [Appellant's] guilty plea, he admitted to factual averments which established third-degree murder. [Appellant] admitted he retrieved a .30-06 rifle from the bedroom, returned to the kitchen with the rifle, pointed the rifle in the direction of [Victim], and a round was discharged into the head of victim causing her death. The court's statement that [Appellant] pulled the trigger is within the bounds of a permissible reasonable inference from the facts before the court from the guilty plea hearing. [Appellant] pled guilty to third-degree murder and forwent the possibility of arguing any defense that would negate his criminal liability. The post-hoc argument that he did not pull the trigger is inconsistent with his guilty plea for third-degree murder.

Trial Ct. Op. at 4 (citation omitted and some formatting altered).

Upon considering the record in its totality, we find no abuse of discretion by the sentencing court. ***See Raven***, 97 A.3d at 1253-54; ***Druce***, 796 A.2d at 336. The sentencing court inferred that Appellant "pulled the trigger" based on the factual basis Appellant admitted to during his plea hearing. During the plea hearing, Appellant admitted to the following facts:

THE COURT: And so by entering this plea you are, in fact, admitting that on May 24th, 2023, that you did at 601 Blissell Avenue in Oil City, Pennsylvania, kill [Victim] with malice, meaning with the intent to inflict serious bodily injury or with a conscious disregard of an unjustifiable and extremely high risk that your actions might cause death or serious bodily harm. Specifically, you did retrieve a .30-06 rifle from the bedroom, return to the kitchen, pointing the rifle in the direction of [Victim],

and a round was discharged into the head of [ ] Victim causing her death.  Are you admitting that crime?

[APPELLANT]: Yes.

N.T. Guilty Plea Hr'g, 1/17/25, at 9.

Here, the sentencing court made a reasonable inference that is supported by the record.  **See Druce**, 796 A.2d at 336.  The facts Appellant admitted to in the present case serve as sufficient grounds for the trial court to infer that Appellant pulled the trigger of the rifle that caused Victim's death.  Appellant admitted to acting with malice, pointing the gun at Victim, and the fact that Victim died due to a round discharged from the gun.  Even if Appellant argues that he did not intend to inflict serious bodily injury upon Victim, his admission to killing Victim with malice means that he admitted to consciously disregarding an unjustifiable and extremely high risk of harming or killing Victim.  From these facts, the sentencing court reasonably inferred that Appellant pulled the trigger of the rifle that he admitted he aimed at Victim and that caused her death.  The inference challenged by Appellant was reasonably derived from the record before the sentencing court and did not reflect bias or prejudice from the court.  **See Karash**, 452 A.2d at 528-29.

Further, Appellant's sentence fell within the range agreed upon in his guilty plea, which complied with relevant statutory requirements and sentencing guidelines.  **See** 18 Pa.C.S. § 1102(d); 204 Pa.Code §§ 303.15, 303.16(a).  Additionally, the sentencing court considered all relevant factors when fashioning sentence, including information from the PSI report and any

mitigating circumstances. N.T. Sentencing Hr'g, 3/7/25, at 37-38; *see Edwards*, 194 A.3d at 638 (stating that where a sentencing court is informed by a PSI, we presume it is aware of all appropriate sentencing factors and considerations). Finally, in regard to Appellant's argument that, by assuming he pulled the trigger, the sentencing court failed to consider his acceptance of responsibility, the sentencing court "found [Appellant's] expressions of remorse to be insincere and self-serving." Trial Ct. Op. at 7. This Court will not re-weigh the sentencing court's consideration of those factors on appeal. *See Kurtz*, 294 A.3d at 536.

For the reasons stated above, we conclude that the sentencing court did not abuse its discretion. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/19/2025