**COMMONWEALTH of Pennsylvania**

v.

**Harold WISE, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 2003.

Filed March 22, 2004.

Reargument Denied May 28, 2004.

David F. Pollock, Waynesburg, for appellant.

Joseph I. Brodack, Asst. Dist. Atty., Waynesburg, for Com., appellee.

BEFORE: FORD ELLIOTT, BOWES, and MONTEMURO,* JJ.

OPINION BY FORD ELLIOTT, J.:

¶ 1 Following a bench trial on February 12, 2003, Harold Wise, appellant, was found guilty of driving under the Influence. 75 Pa.C.S.A. § 3731. Thereafter, the Honorable H. Terry Grimes sentenced appellant to a term of imprisonment for 15 days to 1 year, plus fines and costs. We vacate the judgment of sentence and remand for resentencing.

* Retired Justice assigned to Superior Court.

¶ 2 At sentencing, appellant relied upon the sentencing guidelines for the offense and waived a pre-sentence report. The sentencing court was made aware that appellant has no prior criminal record and had no prior DUI record within the previous seven years; the sentencing court, however, was informed that appellant had a DUI in 1989.[1] The sentencing guidelines were submitted, indicating that it was appellant's first DUI. The sentencing guidelines provide for a standard range of .07 to .07, 2 days; and the mandatory minimum sentence is 48 hours. The sentencing court was further informed that appellant was not in any other trouble, was married, and supports his family through his employment. The Commonwealth stipulated that appellant was otherwise a law-abiding citizen.

¶ 3 Appellant received a sentence of 15 days to 1 year after being advised that his sentence was in the aggravated range due to his prior 1989 conviction of DUI. Appellant filed a motion for reconsideration that was denied without a hearing. This appeal followed. Appellant raises the following issue:

Did the sentencing court manifestly abuse its discretion by sentencing the Appellant, to a term of not less than fifteen (15) days nor more than one (1) year when the sentencing guidelines provide for a standard range of .07 to .07 (2 days) for his violation of 75 Pa.C.S.A. Section 3731?

Appellant's brief at 4.

¶ 4 Appellant's issue presents a challenge to the discretionary aspects of his sentence, and this does not entitle him to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000) (citation omitted). As such, appellant is obligated to file a separate, concise statement indicating why a substantial question exists that the sentence involved was not appropriate. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); Pa.R.App.P. 2119(f). While appellant's brief contains the required 2119(f) statement, it remains to be determined whether a substantial question exists. A substantial question will be found where appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Code or is contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa.Super.1999).

¶ 5 We find that appellant has raised a substantial question for our review regarding the sentencing court utilizing appellant's DUI conviction from 1989 for imposing the instant sentence in the aggravated range. *See Commonwealth v. Johnson*, 758 A.2d 1214 (Pa.Super.2000), *appeal denied*, 565 Pa. 666, 775 A.2d 803 (2001) (holding claim that sentencing court miscalculated prior record score and misapplied Sentencing Guidelines presents substantial question for appeal).

¶ 6 Here, appellant argues that his sentence of 15 days to 1 year is inconsistent with the sentencing code because of the sentencing court's reliance on a DUI conviction from 13 years earlier in 1989; considering that the sentencing guidelines provide for a minimum of 48 hours for a conviction when there has been no other conviction or ARD within the previous seven years. Careful reflection upon the reason recited by the sentencing court compels the conclusion that the sentencing court abused its discretion in imposing this sentence.

---

1. Appellant received ARD for this offense.

¶ 7 We note that this court has held in *Commonwealth v. Fogel,* 741 A.2d 767, 769 (Pa.Super.1999), that the trial court may only review the prior seven years in determining the appropriate classification of the DUI offense. *Id.* This court has also held that, "[w]hen a sentencing court makes the decision to deviate from the sentencing guidelines, 'it is especially important that the court consider all factors relevant to the determination of a proper sentence.' " *Commonwealth v. Eby,* 784 A.2d 204, 207 (Pa.Super.2001), citing *Commonwealth v. Ruffo,* 360 Pa.Super. 180, 520 A.2d 43, 47 (1987).

¶ 8 The sentencing court in this case, however, focused only upon a conviction that is not contemplated by the sentencing guidelines. The sentencing court's sole reason for sentencing appellant in the aggravated range consists of his 1989 DUI conviction. In its opinion, the trial court ostensibly does not question the authority of the General Assembly, and notes: "a sentencing court should certainly have the discretion to consider a prior conviction when distinguishing between a driver who has been convicted for a first time violation of Section 3731 and those who have had prior incidents of conviction under 3731." (Trial court opinion, 2/28/03 at 2.) This court, however, has stated the following:

> It is not the role of the judicial branch to fault the wisdom of the legislative branch, our partner in the government of the Commonwealth. The guidelines have been adopted by our General Assembly (See: 204 Pa.Code Ch. 303) to serve the important purpose of promoting uniformity in sentencing across the many counties of this Commonwealth. Thus, the sentencing court is obliged to observe the provisions of the statute in molding the sentence to be imposed. As our eminent colleague, Judge John G. Brosky, has recounted:

> The primary purpose behind the establishment of sentencing guidelines was to create a system where not only would offenders be properly punished for their transgressions, but also where like offenders would be treated consistently. See, *Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984).

*Eby,* 784 A.2d at 208.

¶ 9 This court has the option of amending appellant's sentence directly or remanding it to the trial court for resentencing if we determine the sentence must be corrected.

¶ 10 Judgment of sentence vacated and case remanded for resentencing consistent with this Opinion. Jurisdiction relinquished.