J-A32015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT ANTHONY KOLOVICH | : | |
| | : | |
| Appellant | : | No. 290 MDA 2017 |

Appeal from the Judgment of Sentence January 12, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002818-2014,
CP-22-CR-0004099-2014

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:                              **FILED MAY 03, 2018**

Robert Anthony Kolovich appeals from the judgment of sentence imposed on January 12, 2017, in the Court of Common Pleas of Dauphin County, following his conviction by jury of two counts of theft by deception.[1] He received an aggregate sentence of 48 to 96 months' incarceration plus $24,550.00 restitution.  Kolovich is RRRI eligible, resulting in a possible minimum time of incarceration of 36 months.  In this timely appeal, Kolovich raises a single claim that the trial court imposed a manifestly excessive sentence, that was outside of guidelines ranges, and which was based solely upon the nature of the crimes.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3922(a)(1).

Kolovich was a contractor who took substantial amounts of money from two separate victims for home repairs, and then failed to fulfill his contractual duties. *See* Trial Court Opinion, 5/8/2017, at 3-4. He had committed similar crimes in several other counties,[2] although he had not been convicted of those crimes at the time of his arrest. He was apprehended in Dauphin County only when one of his victims, the Verbecken family, told him they had an additional $4,000 to pay him. When he arrived to collect that money, he was arrested by the police, who were waiting for him. As noted above, he was convicted by a jury of two counts of theft by deception, both third degree felonies, and was sentenced to 24 to 48 months' incarceration for each count, to run consecutively. The standard range applicable to Kolovich was restorative sanctions to 9 months' incarceration. The aggravated range minimum sentence provided for 12 months' incarceration. Accordingly, the 24-month minimum sentences imposed represent twice the minimum range aggravated sentence.

Before we begin a substantive analysis of Kolovich's claim, we note that he has challenged the discretionary aspect of his sentence. Such a challenge requires the appellant demonstrate his or her claim raises a substantial question. In order to do so, "appellant need only make a *plausible* argument that a sentence is contrary to the Sentencing Code or the fundamental norms

---

[2] By the time of sentencing in this matter, Kolovich had been convicted in Snyder, Bradford and Mifflin Counties. He had similar charges pending in several other counties. We are unaware of the resolution of those charges.

underlying the sentencing process." ***Commonwealth v. Mouzon***, 812 A.2d 627-28 Pa. 2002) (*quoting* ***Commonwealth v. Goggins***, 748 A.2d 721 (Pa. Super. 2000).

Here, Kolovich raises two reasons why his sentence violates the fundamental norms of the sentencing process. First, he claims the two to four year sentences for each count are each double the aggravated range sentence and are accordingly manifestly excessive.[3] That the sentences are consecutive to each other only serves to heighten the excessive nature of them. Next, he claims the trial court focused solely on the nature of the crime, rather than considering all the appropriate sentencing factors. Each of these reasons provides a substantial reason,[4] thereby allowing this Court to address the substance of Kolovich's claims.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

---

[3] In his Pa.R.A.P. 2119(f) statement, Kolovich lists other reasons, however they are essentially restatements of this first reason. ***See*** Appellant's Brief, Rule 2119(f) Statement at 15-19. Accordingly, we need not address them separately.

[4] ***See Commonwealth v. Gibson***, 716 A.2d 1275 (Pa. Super. 1998) (allegation sentence is outside of the guidelines and unreasonable is reviewable); ***Commonwealth v. Wise***, 848 A.2d 932 (Pa. Super. 2004) (when a sentencing court makes the decision to deviate from the sentencing guidelines, it is especially important that the court consider all factors relevant to the determination of a proper sentence).

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa. Super. 2005).

Further, pursuant to statute, upon review, our Court is required to vacate a sentence and remand with instructions, if the trial court has imposed a sentence "outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3).

Although Kolovich presents two arguments why his sentence is improper, those arguments are intertwined. If the trial court considered the proper factors in issuing the sentence, then it stands to reason that the sentence is not, by itself, excessive to the point of requiring that it be vacated.

A review of the certified record belies Kolovich's assertion that the trial court based the sentence only on the nature of the crime. We begin by noting that the trial court was supplied with and was familiar with a presentence investigation report (PSI).

> "Where [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself."

***Commonwealth v. Bonner***, 135 A.3d 592, 605 (Pa. Super. 2016) *quoting*

***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014). This fact, alone, puts to rest Kolovich's claim regarding the failure to consider appropriate factors.

However, the certified record further demonstrates the trial court's proper consideration of Kolovich's circumstances. We note the trial court heard from one victim in each case, who briefly described how Kolovich's crimes had adversely impacted their lives.[5] Although the trial court noted Kolovich's *modus operandi* was to collect money from the elderly and then fail to perform the home repairs,[6] no sentencing enhancement regarding crimes against the elderly was applied. Accordingly, it was proper for Judge Cherry to consider the ages of the victims and the effect the crimes had upon their quality of life. The trial court was aware Kolovich avoided his victims until one of them lured Kolovich into responding. Further, the trial court knew and properly considered the fact that Kolovich had been convicted of similar crimes in three other counties. Because of the timing of the convictions, they did not affect his prior record score, which was zero at sentencing. Accordingly, consideration of those crimes does not represent a double counting of factors. The trial court heard Kolovich's statement made at sentencing (in which he essentially blamed being prosecuted in other jurisdictions as the reason for

_____

[5] Mr. Verbecken testified at sentencing that he was 71 years old, had been retired for 23 years, and was forced to obtain part-time work to help make up for the lost funds. He was also unable to take his grandchildren on a return trip to Disney World. *See* N.T. Sentencing, 1/12/2017, at 3-4. Arlene Stottlemeyer testified as to her anger at having been defrauded, but was grateful he had only obtained a deposit from them. Nevertheless, she noted the crimes had affected her plans, dreams and goals for herself, her children and grandchildren. *Id*. at 4-5.

[6] *See* Trial Court Opinion at 4.

his failure to perform the contracts or return funds).  **See** N.T. Sentencing, 1/12/2017 at 6-7.  The trial court also noted a lack of remorse for his actions and found nothing in the PSI to indicate any level of mitigation.  **Id**. at 13.

Our review of the certified record demonstrates the trial court properly considered relevant factors, not simply the nature of the crime, in imposing sentence upon Kolovich.  While the sentence is undisputedly well above the aggravated range, the trial judge demonstrably weighed the relevant information before him and issued a sentence that was supported by the record.  As such, Kolovich's argument must fail.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2018