J-S80008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALPHONSO ABRAMS, | |
| Appellant | No. 994 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000815-2017

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 05, 2019**

Appellant, Alphonso Abrams, appeals from the judgment of sentence of an aggregate term of 4 to 8 years' incarceration, followed by 12 years' probation, imposed after he pled guilty to various offenses including robbery and criminal conspiracy.  Appellant solely challenges the discretionary aspects of his sentence.  After careful review, we affirm.

The trial court summarized the facts and procedural history of Appellant's case, as follows:

> On October 13, 2016, the complainant, seventeen-year-old Khomari Styles, was walking home from Overbrook High School when he was approached by four males.  One of the males pulled out a black firearm, pointed it at the complainant and then demanded that the complainant hand over everything he had in his possession.  During this confrontation, the four males removed a cellphone from the complainant's possession and one asked the complainant if he "wanted to get shot?"  The complainant's father called the police, and the complainant provided a description of the four men who had approached him.  When officers responded

to the location where the incident occurred they observed four males, including … [Appellant], standing around a vehicle.

The police officers identified the vehicle as being registered under [Appellant's] name and recovered two firearms from that vehicle, a black 9 MM Smith & Wesson with an obliterated serial number loaded with five (5) live rounds and a silver .32 caliber revolver loaded with three (3) live rounds, along with the complainant's cell-phone. [Appellant] did not possess a license to carry either of those firearms. [Appellant] was arrested on October 13, 2016, and charged with Robbery, Conspiracy, Carrying a Firearm Without a License[,] and related offenses.

\*\*\*

On August 10, 2017, [Appellant] entered an open guilty plea before this [c]ourt to one (1) count of Robbery (18 Pa.C.S. § 3701), one (1) count of Conspiracy (18 Pa.C.S. § 903), one (1) count VUFA - Possession of a Firearm with Manufacturer Number Altered (18 Pa.C.S. § 6110.2), two (2) counts VUFA - Carrying a Firearm without a License (18 Pa.C.S. § 6106), two (2) counts VUFA - Carrying a Firearm in Public in Philadelphia (18 Pa.C.S. § 6108), one (1) count of Possessing an Instrument of Crime (18 Pa.C.S. § 907), one (1) count of Theft by Unlawful Taking (18 Pa.C.S. § 3921), one (1) count of Receiving Stolen Property (18 Pa.C.S. § 3925), one (1) count of Terroristic Threats (18 Pa.C.S. § 2706), one (1) count of Simple Assault (18 Pa.C.S. § 2701), and one (1) count of Recklessly Endangering Another Person (18 Pa.C.S. § 2705).

Following a hearing on December 20, 2017, this [c]ourt sentenced [Appellant] to four (4) to eight (8) years of incarceration followed by twelve (12) years of probation for Robbery, twenty (20) years of probation for Conspiracy, four (4) to eight (8) years of incarceration plus two (2) years of probation for VUFA - Possession of a Firearm with Manufacturer Number Altered, seven (7) years of probation for VUFA - Carrying a Firearm without a License, seven (7) years of probation for VUFA - Carrying a Firearm without a License, five (5) years of probation for VUFA - Carrying a Firearm in Public in Philadelphia, five (5) years of probation for VUFA - Carrying a Firearm in Public in Philadelphia, and five (5) years of probation for Possessing Instruments of Crime. This [c]ourt ordered that all periods of incarceration and probation to run concurrently to the sentence for Robbery, resulting in an aggregate sentence of four (4) to eight

(8) years of incarceration followed by twelve (12) years of probation.

       On December 29, 2017, [Appellant] filed a Motion for Reconsideration of Sentence, which was denied by this [c]ourt on March 8, 2018. On April 26, 2018, this [c]ourt issued an order pursuant to Pa.R.A.P. 1925(b), requiring [Appellant] to file a Concise Statement of Matters Complained of on Appeal within twenty-one days. On May 17, 2018, [Appellant] requested an extension, as not all notes of testimony were available, and this [c]ourt granted that extension on May 29, 2018. On June 20, 2018, [Appellant] filed a Concise Statement….

Trial Court Opinion (TCO), 7/19/18, at 1-3 (citations to the record omitted).

On July 19, 2018, the trial court issued its Rule 1925(a) opinion.

       Herein, Appellant states one claim for our review:

       Did not the trial court err and abuse its discretion when it imposed a manifestly excessive and clearly unreasonable aggravated sentence based solely on the seriousness of the offense while giving insufficient consideration of [Appellant's] significant mitigation [factors]?

Appellant's Brief at 3.[1]

_____

[1] We observe that Appellant's Rule 1925(b) statement did not set forth his present arguments that the court focused only on the gravity of his offense, and that it failed to account for the mitigating factors in this case when fashioning Appellant's term of incarceration. *See* Appellant's Rule 1925(b) Statement, 6/20/18, at 1-2 (unnumbered) (stating, in pertinent part, that "[t]he sentence of 4 to 8 years of incarceration plus 12 years of probation imposed in this matter was an abuse [of] … discretion and [a] violation of general sentencing principles, as it was manifestly excessive and [a] clearly unreasonable sentence in excess of what was necessary to address the gravity of the offense, the protection of the community, and [A]ppellant's rehabilitative needs"). However, the trial court's Rule 1925(b) order did not inform Appellant "that any issue not properly included in the Statement timely filed and served … shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iv). Instead, the court's order merely directed Appellant to file his concise statement within 21 days, and informed him that the "[f]ailure to comply with

Appellant's issue constitutes a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent

---

this directive may be construed as a waiver of all objections to the Order, Ruling or any other matter." Trial Court Order, 4/26/18, at 1. Because the court's order omitted the required language set forth in Rule 1925(b)(3)(iv), we decline to deem Appellant's sentencing claim waived. **See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).

- 4 -

with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and he also filed a post-sentence motion for reconsideration of his sentence in which he preserved his sentencing issue for our review. Additionally, Appellant has included a Rule 2119(f) statement in his brief to this Court. *See* Appellant's Brief at 8-9. We conclude that the claim he sets forth therein — that his aggravated-range sentence is excessive because the court focused only on the gravity of the offense and ignored the mitigating factors in this case — constitutes a substantial question for our review. *See Commonwealth v. Hyland*, 875 A.2d 1175, 1183-84 (Pa. Super. 2005). Therefore, we will address the merits of Appellant's sentencing challenge.

In doing so, we begin by recognizing our well-settled standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* at 1184 (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (internal quotation marks and citations omitted)). We are also mindful that,

"[i]n fashioning [a] sentence, a judge is obligated 'to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" **Commonwealth v. Monahan**, 860 A.2d 180, 184 (Pa. Super. 2004). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super.2002), *appeal denied,* 582 Pa. 671, 868 A.2d 1198 (2005) (citing **Commonwealth v. Burns**, 765 A.2d 1144 (Pa.Super.2000), *appeal denied,* 566 Pa. 657, 782 A.2d 542 (2001)). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Griffin, supra. See also Commonwealth v. Wise**, 848 A.2d 932 (Pa. Super. 2004), *appeal denied,* 581 Pa. 676, 863 A.2d 1146 (2004) (holding sentencing court abused its discretion in utilizing thirteen-year-old DUI conviction to justify imposing aggravated-range sentence following subsequent DUI conviction).

**Id.** at 1184. Finally, where as here, the court sentenced within the guidelines, we may reverse only if application of the guidelines is clearly unreasonable. **See** 42 Pa.C.S. § 9781(c)(2).

Presently, Appellant argues that the court's decision to impose a sentence for his robbery conviction that is at the top end of the aggravated-range of the sentencing guidelines was an abuse of discretion. According to Appellant, the court focused only on the gravity of the offense and disregarded the mitigating factors in this case, which Appellant summarizes, as follows:

On October 14, 2016, when he committed this crime, [Appellant] was a young man, only 21 years old. [Appellant] was not the one with the gun: he was not the instigator. He did what so many young people do who are with their friends and caught up with the wrong peer group: he went along with the group and he made a bad decision. By the time he stood before the court for sentencing, he had reconsidered those ties and reaffirmed his

commitment to the job, the family and the fiancée he had waiting for him to get out.

Despite his youth, when he was arrested, [Appellant] had already been working full time for two years in his father's construction business. In furtherance of that career in the family business, he had been certified in home improvement at Orleans Technical Institute. By the time of his sentencing, [Appellant] had spent more than a year in jail, and had taken that time to make positive changes. He obtained his G.E.D. while in jail. Also, his father testified that they spoke every day while [Appellant] was in jail, and described his development of sincere remorse for his crimes and his understanding of the negative influences in his peer group that led him to commit these crimes. When the time came, [Appellant] accepted responsibility and pleaded guilty to every charge without negotiation. In light of this mitigation, such an aggravated sentence is clearly unreasonable.

Appellant's Brief at 14-15.

Appellant further argues that the court's sentencing decision in this case is nearly identical to that of the trial court in **Hyland**, which this Court found to be an abuse of discretion. In **Hyland**, the court's "comments indicate[d] the sentencing court focused exclusively on [the a]ppellant's failed attempt to blame the accident on [another person], the seriousness of the offense, and [the a]ppellant's need for rehabilitation. The court virtually ignored [the a]ppellant's lack of any prior criminal record, his age, … his personal characteristics, and his life situation." **Hyland**, 875 A.2d at 1185.

The record in this case demonstrates that it is distinguishable from **Hyland**, in that the court did consider the mitigating circumstances discussed by Appellant. The court heard lengthy arguments from defense counsel detailing those factors and, before imposing Appellant's sentence, the court stated that it had considered them. **See** N.T. Sentencing Hearing, 12/20/17,

at 4-6, 7-8, 11. In its opinion, the court reiterates that it took into account the following mitigating factors: Appellant's acceptance of responsibility, "that his family is supportive of his rehabilitation, that he is employed with his family business[,] and that he has completed his G.E.D." TCO at 7 (citation omitted). However, the court found that these mitigating factors were outweighed by the seriousness of Appellant's offense, his rehabilitative needs, and the need "to deter him from further crime." N.T. Sentencing at 12. The trial court explains in its opinion that the circumstances of this case "deviate from those of a normal Robbery because the victim was a student walking home from school[,]" and it stresses that "children going to school should be protected from individuals who would lie in wait to rob them at gunpoint." TCO at 7 (citing N.T. Sentencing at 13).

Given this record, we reject Appellant's argument that the court focused only on the seriousness of his offense and disregarded the mitigating circumstances in this case. Moreover, the sentence imposed by the court is not 'clearly unreasonable,' especially considering that the court imposed concurrent, probationary sentences for all of Appellant's other offenses, except for one firearm conviction, for which Appellant received a concurrent term of incarceration. Thus, we are compelled to conclude that Appellant's sentencing claim is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/19