J-S11039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNELL MCCARTHY | : | |
| | : | |
| Appellant | : | No. 839 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 5, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No:  CP-02-CR-0006471-2018

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 30, 2021**

Appellant, Darnell McCarthy, appeals from the judgment of sentence of 10 to 20 years' incarceration plus 10 years of probation, which was imposed after his non-jury trial conviction for Kidnapping, Robbery, Robbery of a Motor Vehicle, Aggravated Assault, Terroristic Threats, Unlawful Restraint, Simple Assault, and Person Not to Possess a Firearm.[1]  We affirm.

The facts underlying this appeal are as follows, taken from the Trial Court Opinion (TCO).

> On February 28, 2018, Michael Halloran [the victim] was violently assaulted as he was walking down Boggs Avenue in the Mt. Washington section of the City of Pittsburgh toward a CoGo's convenience store.  As he crossed the street, he was approached by two black males near a white van.  A person, later identified as [Appellant], grabbed [the victim] by the arm and stated, "Hey bro, I'm not playing,"

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2901(a), 3701(a)(1)(ii), 3702, 2702(a)(4), 2706(a)(1), 2902(a), 2701(a)(3) and 6105(a)(1), (b), and (c)(7), respectively.

and displayed a firearm from his waistband. [Appellant] reached into [the victim's] pocket and removed $20.00 and the keys to [the victim's] vehicle. [The victim] was "pistol whipped" on his head and was punched in the mouth. He was struck approximately five to six times. Both men instructed [the victim] to place his hands on a truck and they patted him down to find more money.

Both men then asked [the victim] how much money he had on his ATM card. The men led [the victim] to the CoGo's store and stood with him as he withdrew money from the ATM machine. While inside the CoGo's, [Appellant] threatened [the victim] by saying, "if you mess up one time, I'll put your brains all over this floor." [Appellant] and [the victim], while at the ATM machine, were captured by the video surveillance camera inside CoGo's store.

Both actors and [the victim] then walked back toward [the victim's] residence on Boggs Avenue. The actors again demanded money and asked about narcotics. [The victim] informed them that he didn't know what they were talking about. [The victim] was then instructed to get on his knees. [Appellant] pressed his firearm against [the victim's] head as [the victim] was on his knees. The actors asked him where his vehicle was located and demanded that [the victim] get inside of his vehicle in the passenger seat. [Appellant] drove the vehicle and the other actor sat in the back seat behind [the victim] with a gun pointed at [the victim's] back. [Appellant] then drove to a housing complex. The three men exited [the victim's] vehicle and walked to a residence. A third male came outside. [Appellant] said to the third person, "look what we got. Look how scared he gets with a gun in his face." [Appellant] then pointed the gun at [the victim's] face. The two actors and [the victim] drove off. They dropped [the victim] off in Mt. Washington, wiped the vehicle clean and fired three shots into the air. The two actors ran from the scene. At a subsequent line-up, [the victim] identified [Appellant] as one of the persons who assaulted and kidnapped him.

TCO at 2-3.

Appellant was arrested and charged with Kidnapping, Robbery, Robbery of a Motor Vehicle, Aggravated Assault, Terroristic Threats, Unlawful Restraint, Simple Assault, Conspiracy and Person Not to Possess a Firearm. Appellant proceeded to a non-jury trial on September 10, 2019. The trial court granted Appellant's motion for judgment of acquittal as to the Conspiracy charge. N.T., 9/10/19, at 101. The trial court found Appellant guilty of the remaining charges. On December 5, 2019, the trial court sentenced Appellant to 120 months' to 240 months' incarceration on the Kidnapping charge and 10 years of consecutive probation on the Robbery charge. A determination of guilt without further penalty was ordered for the remaining charges.[2] Order, 12/5/19.

On December 19, 2019, the trial court issued an Order withdrawing the appearance of trial counsel and appointed new counsel. On December 20, 2019, new counsel entered her appearance and filed a "Motion to Reinstate Post-Sentence Rights *Nunc Pro Tunc*." Motion, 12/20/19. The trial court granted Appellant's motion to reinstate his post-sentence rights *nunc pro tunc*. Order, 1/3/20. The trial court granted Appellant 60 days to file a post-sentence motion. Order, 1/6/20. On March 2, 2020, Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence.

---

[2] We note that the sentence on the remaining charges was not announced in open court during Appellant's sentencing hearing, but rather were stated in the trial court's 12/5/19 sentencing order. **See** N.T., 9/10/19; Order, 12/5/19.

Motion, 3/2/20. The trial court denied Appellant's post-sentence motion.

Order, 7/29/20. Appellant filed this timely direct appeal on August 3, 2020.[3]

Appellant presents the following issue for our review:

> Did the [trial court] abuse its discretion in sentencing
> [Appellant] to 10 to 20 years of incarceration?

Appellant's Brief at 3 (suggested answer omitted).

Appellant argues that the trial court erred as a matter of law and abused

its discretion when it did not consider all the statutory factors for sentencing

codified in 42 Pa.C.S. § 9721 and sentenced Appellant solely based on the

seriousness of the crime. Appellant's argument on appeal relates to the

discretionary aspect of his sentence. A defendant does not have an automatic

right of appeal of the discretionary aspects of a sentence and instead must

petition this Court for allowance of appeal, which "may be granted at the

discretion of the appellate court where it appears that there is a substantial

question that the sentence imposed is not appropriate under" the Sentencing

Code. 42 Pa.C.S. § 9781(b); **see also Commonwealth v. Luketic**, 162 A.3d

1149, 1160 (Pa. Super. 2017).

Prior to reaching the merits of a discretionary sentencing issue, we must

engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant
> preserved his [or her] issue; (3) whether Appellant's brief
> includes a concise statement of the reasons relied upon for

---

[3] The trial court issued its Pa.R.A.P. 1925 order on August 4, 2020. Appellant timely complied and filed his Rule 1925(b) statement on August 11, 2020.

allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

***Commonwealth v. Williams***, 198 A.3d 1181, 1186 (citations omitted) (first and fourth brackets in original).

Appellant satisfied the first three requirements. We must, therefore, determine whether Appellant's concise statement raises a substantial question that the sentence is not appropriate under the Sentencing Code.

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. . . . We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." [W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.

***Commonwealth v. Radecki***, 180 A.3d 441, 467-68 (Pa. Super. 2018) (citations omitted) (brackets in original). Appellant asserts in his Pa.R.A.P. 2119(f) statement,

the [trial court] imposed a sentence that is manifestly excessive, without sufficient legal justification for the penalty. . . . [T]he [trial court] failed to consider and reference the statutory factors in 42 Pa.C.S. Section 9721(b), and instead fashioned a sentence that only reflected the seriousness of the crime, which is contrary to the fundamental norms that underlie the sentencing process.

Appellant's Brief at 11-12.

This Court has found a substantial question exists where a sentencing court failed to consider a defendant's individualized circumstances in its imposition of sentence in violation of the Sentencing Code. *See Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008); *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (averment that court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question).

In the current action, we find that Appellant presents a substantial question by setting forth an argument that his sentence is contrary to the fundamental norm of the sentencing process that a defendant's sentence must be individualized, because the trial court considered only the gravity of the offense and did not consider his rehabilitative needs. *See* Appellant's Brief at 12; *Luketic*, 162 A.3d at 1160. We, therefore, consider the substantive merits of Appellant's sentencing claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

Appellant first argues that the trial court failed to take adequate consideration of all the factors in 42 Pa.C.S. § 9721(b). Appellant's Brief at 14-15. Appellant argues that the trial court solely focused on the seriousness of the crime in fashioning the sentence and erroneously failed to consider or reference Appellant's personal characteristics, potential for rehabilitation, or his rehabilitative efforts. Appellant's Brief at 9. 42 Pa.C.S. § 9721(b) states,

> the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

The trial court, in its 1925(a) opinion, stated that it reviewed the presentence report (PSI) and considered the contents of that report in imposing its sentence. TCO at 6. The trial court stated that it considered the fact that Appellant was serving a probation sentence at the time he committed this offense. *Id*. The trial court indicated it believes the sentence it imposed is appropriate due to the nature and length of the events involving the innocent, vulnerable complainant. *Id*. at 7. The court also considered the lasting impact of this crime on the complainant. *Id*. The trial court stated that it "considered the defendant's age and criminal history, noting that the

defendant has been provided with other opportunities to conform his conduct to the law, but he chose not to do so." *Id*. at 8.

Regarding individualized sentencing, this Court has held,

> The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, . . . and prohibiting a sentence of total confinement without consideration of the nature and circumstances of the crime[,] and the history, character, and condition of the defendant[.]

*Luketic*, 162 A.3d at 1160-61 (internal citations and quotation marks omitted) (first brackets in original); *See also* 42 Pa.C.S. §§ 9721(b), 9725. Concerning the PSI, this Court has made clear,

> [w]here [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.
>
> A [PSI] report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quotation marks omitted) (second-fourth brackets in original) (*citing Commonwealth*

*v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). *See also Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018).

During the sentencing hearing, the trial court stated that it received and reviewed the PSI report in its entirety. N.T., 12/5/19, at 3. Additionally, at the hearing, Appellant's counsel stated that she would like to "reiterate some of the information in the presentence report," and told the court that Appellant is the father of four young children and pointed out that Appellant had family present in the courtroom who had been very supportive of Appellant during the process. *Id*. at 5-6.

Appellant acknowledges the presumption afforded a trial court having the PSI, but argues this presumption is "expressly rebutted in this case because the trial court's statements confirm the single-minded focus on the seriousness of the crime." *Id*. at 17-18. However, this assertion is belied by the record.

In addition to the fact that the trial court obtained and reviewed the PSI report prior to sentencing, during the sentencing hearing it acknowledged that it had read all of Appellant's filings, and noted that some of them "demonstrated that [Appellant was] doing anything but acknowledging [his] responsibility for this conduct." *Id*. at 7. The trial court acknowledged that Appellant maintained his innocence to the pre-sentence investigator, but recognized that Appellant stated that he would feel bad if a person was beaten, robbed, kidnapped, and victimized in any type of way. *Id*. at 6. The trial

court heard and addressed at length Appellant's stated issues with his trial counsel and process. *Id*. at 8-31.

The trial court then discussed the effect the experience had on the victim of the crime, stating,

> This is a particularly . . . harmful, emotionally harmful experience for the victim because of the prolonged nature of this event and the terror that was put upon the victim by the actions of the [Appellant]. . . .
>
> As many cases as I have seen over 40 years, the length of this, the length of this event, it requires a sentence that reflects that.

N.T., 12/5/19, at 31.

Immediately after sentencing Appellant, the trial court stated, "this sentence reflects not only the [Appellant] used a deadly weapon in this event but that it was a prolonged event involving several locations." *Id*. at 32. The trial court added, "[I]n my view, acting on behalf of the community, and considering what you did in this case, I just can't take the chance that you might do this again to somebody." *Id*. at 34-35. The trial court stated,

> I note that you have a prior record score of five already, which is one of the reasons I'm imposing this sentence because you have had opportunities through the criminal justice system in the past to change your ways, and you haven't.

*Id*. at 35.

After a thorough review of the record, including the briefs of the parties, the applicable law, and the sentencing transcripts, we conclude Appellant's

issue merits no relief.[4]  The trial court adequately considered Appellant's rehabilitative needs, ultimately deciding that Appellant was not amenable to being rehabilitated due to his past record and the fact that he committed this current crime while on probation.  The trial court also stated that the sentence was based on the gravity of the offenses, which it found particularly egregious and had affected not only the victim but the community.  Importantly, the trial court was informed by a PSI report, and aspects of that report were reiterated to the trial court by Appellant's counsel.  **Watson**, 228 A.3d at 936; **Conte**, 198 A.3d at 1177.

Appellant further argues that the sentence is in clear contradiction to **Commonwealth v. Ruffo**, 520 A.2d 43 (Pa. Super. 1987), because his sentence falls outside the sentencing guidelines.  Appellant's Brief at 16-17.  Even if the trial court sentences outside the sentencing guidelines, we must affirm if the sentence is reasonable.  **See** 42 Pa.C.S. § 9781(c)(3) (stating that the appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . the sentencing court sentenced outside the guidelines and the sentence is unreasonable).  We first note that

_____

[4] Neither the PSI report nor a copy of the sentence guideline form utilized by the trial court in calculating Appellant's sentence is included in the certified record.  "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." **Commonwealth v. Shreffler**, __ A.3d __, 2021 WL 1257446 *8 (filed April 6, 2021) (citation omitted); **Everett Cash Mutual Insurance Company v. T.H.E. Insurance Company**, 804 A.2d 31, 34 (Pa. Super. 2002) (citation omitted).

*Ruffo* was decided by this Court over one year before the Pennsylvania Supreme Court decided *Devers*, 546 A.2d at 18 (stating that where a PSI exists there is a presumption that the sentencing judge was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors and in circumstances where it can be demonstrated that the trial judge had any degree of awareness of the sentencing considerations, the presumption exists that the trial court conducted weighing process meaningfully).

Secondly, this Court determined that the trial court in *Ruffo* failed to consider any factor other than the nature of the crime. By contrast, the trial court in this case had the benefit of the PSI and, as discussed above, we find that that the trial court did adequately consider the statutory elements of 42 Pa.C.S. § 9721(b) when sentencing Appellant. Additionally, we find that the trial court considered the nature and the circumstances of the offense and the history and characteristics of Appellant, had the opportunity to observe Appellant, had the benefit of the PSI report, adequately stated its findings upon which the sentence was based, and considered the guidelines promulgated by the commission. *See* 42 Pa.C.S. § 9781(d); *See Commonwealth v. Durazo*, 210 A.3d 316, 324 (Pa. Super. 2019) (sentence outside the guidelines found reasonable where trial court considered all the factors in § 9781(d) and had a PSI report). We, likewise, find Appellant's sentence is reasonable. Based on the foregoing, we will not disturb the trial court's discretion. *See Lekka*, 210 A.3d at 353; *Conte*, 198 A.3d at 1177.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/30/2021