J-S22026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK MILLIGAN | : | |
| | : | |
| Appellant | : | No. 1186 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No:  CP-02-CR-0008776-2019

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: August 31, 2023**

Appellant, Malik Milligan, appeals from the judgment of sentence imposed on February 3, 2022 in the Court of Common Pleas of Allegheny County following entry of a negotiated open guilty plea to charges of robbery, burglary, and aggravated assault.[1]  Appellant contends the trial court abused its discretion by imposing a sentence of six to twelve years in prison.  Following review, we affirm.

On June 25, 2019, Appellant was arrested along with his co-defendants, Tavon Moon and Lavarr Peters, all of whom were charged with a number of offenses relating to events that occurred early that morning.  At a guilty plea hearing for Moon and Appellant conducted on October 18, 2021, both men

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 3502(a)(1)(i), and 2702(a)(1), respectively.

stipulated to facts set forth in the affidavit of probable cause dated June 25, 2019, and further stipulated that they conspired with each other and Peters on that day to commit burglary, robbery, and assault on their victim, Valerie Townsend.

The trial court summarized the underlying facts contained in the affidavit of probable cause as follows:

> In the early morning hours of June 25, 2019, Officers of the Wilkinsburg Borough Police Department responded to a call to 1514 Collins Road for a robbery, possibly a home invasion robbery. Upon arrival to the residence, Officers found the rear door of the residence was obviously kicked in. At that time, the caller, Valerie Townsend, yelled out a second-floor window to Officers. Ms. Townsend was bleeding from her head and face and was hyperventilating. Despite her injuries, Ms. Townsend relayed to Officers that "Tavon" and some others had assaulted and robbed her.
>
> She reported that she was in her bedroom, in her bed, when she heard a bang at the door and knew someone had kicked it in. She was then confronted by 4 or 5 persons that were not wearing masks, and she was unsure as to whether any of them were armed. She was able to positively identify one of the actors as Tavon Moon (her former foster child).
>
> She was forced to remove her clothing and sit in a chair and spread her legs. She stated that she feared being raped with an object one of the actors was possessing but stated that she had not. She gave the actors $400.00 in cash and watched them break a glass jar that contained "a lot" of loose change and currency. She was then taken upstairs and forced into the bathroom where one of the actors then proceeded to beat her with a metal cooking-type pan. She stated that the actor who had assaulted her in the bathroom was NOT Tavon Moon.
>
> The actors then proceeded to take Ms. Townsend's credit cards, house and car keys and fled the home in the 2007 Toyota [Corolla]. Ms. Townsend was advised by the group that if she resisted or called the police, they would kill her.

Trial Court Opinion, 2/27/23, at 2 (unnumbered).

The trial court explained that Ms. Townsend was evaluated at the scene by emergency personnel and was transported to UPMC Presbyterian's trauma unit. Meanwhile, a search of her home revealed that the residence was ransacked, a television and a gaming system were missing from the living room, and a glass container was shattered with pieces of glass and U.S. coins on the floor. Also, a dented stainless-steel pan and blood were found in the upstairs bathroom. *Id.* at 2-3 (unnumbered).

An alert about the stolen vehicle and its occupants led to the apprehension of Appellant, Moon, and Peters, along with a juvenile female who was found not to have been involved in the events at issue. "After being searched and various items belonging to the victim being found on the actors, they were taken into custody." *Id.* at 3 (unnumbered). Appellant, Moon, and Peters were Mirandized and Moon and Peters admitted to various aspects of their involvement in the assault and robbery of Ms. Townsend. *Id.*

On October 18, 2021, Appellant entered a negotiated open guilty plea to robbery—serious bodily injury; burglary—overnight accommodations, persons present, bodily injury crime; and aggravated assault—serious bodily injury. Ten additional charges were withdrawn. Sentencing was deferred pending preparation of a pre-sentence investigation report ("PSI").

At the sentencing hearing conducted on February 3, 2022, the trial court noted that it had reviewed the PSI. *Id.* at 3 (unnumbered); *see also* Notes

- 3 -

of Testimony ("N.T."), Sentencing, 2/3/22, at 2. The court further noted that Appellant was 19 years old at the time the crimes were committed and had a prior record score of 0, but did have a history of juvenile court proceedings dating back to when he was 13. Trial Court Opinion, 2/27/23, at 3. A victim impact letter from Ms. Townsend was read into the record in which she recounted the traumatic impact of the events of June 25, 2019, leading her to, *inter alia*, secure the services of a therapist, develop a fear and distrust of people, and no longer feel safe in her own home. N.T., Sentencing, 2/3/22, at 8-12.

At the hearing, Appellant apologized for the disgrace his actions brought upon his family and his community. **Id.** at 13. Through counsel, he also presented several certificates obtained during his incarceration,[2] including his high school diploma, and certificates of completion of several programs, including the Hope Pre-Release Program, Thinking for a Change, and Employment Skills 101 Group. **Id.** at 3-5.

Having considered the PSI, the victim impact statement, the hearing testimony, and "having considered everything," **id.** at 14, 16, the court imposed a sentence of six to twelve years in prison for robbery, no additional

_____

[2] Appellant's requests for bond had been denied and he remained incarcerated from the time of his arrest until the time of sentencing. At sentencing, he was given credit for 955 days served.

penalty for burglary, and eight years of probation for aggravated assault, consecutive to his sentence for robbery.[3]

Appellant filed a timely post-sentence motion. In accordance with Pa.R.Crim.P. 720(B)(3)(a), the trial court is to decide a post-sentence motion within 120 days (*i.e.*, June 14, 2022, in this case). Otherwise, the motion is deemed denied by operation of law and the clerk is to enter an order on behalf of the court, stating that the motion is deemed denied. **See** Pa.R.Crim.P. 720(B)(3)(c). No order was issued within 120 days disposing of the post-sentence motion, nor was an order entered reflecting that the motion was deemed denied.

On September 15, 2022, the trial court issued an order denying Appellant's post-sentence motion and acknowledging that a breakdown in the judicial process had occurred. Trial Court Order, 9/15/22, at 1. The court instructed Appellant that he had 30 days from the date of the order to pursue an appeal. Appellant timely filed his notice of appeal on October 6, 2022.[4] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[3] The sentence imposed for robbery (six to twelve years, *i.e.*, 72 months to 144 months) was within the guidelines as submitted to the trial court by the District Attorney's Office. The guidelines called for a standard range sentence of 48 to 66 months in prison and an aggravated range sentence of 78 to 240 months. Trial Court Opinion, 2/27/23 at 4 (unnumbered).

[4] A breakdown of the court occurs when the clerk fails to enter an order deeming the post-sentence motion denied and notifying the defendant. **See, e.g., Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003). When
*(Footnote Continued Next Page)*

- 5 -

Appellant presents one issue for our consideration:

Did the Sentencing Court abuse its discretion in sentencing [Appellant] to 6 to 12 years of incarceration?

Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence.[5] As this Court has explained:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal

_____

a trial court denies a post-sentence motion after the 120-day period and the appellant then files an appeal within 30 days of the date of that decision, this Court has found that the notice of appeal is timely. *See Commonwealth v. Braykovich*, 664 A.2d 133, 138 (Pa. Super. 1995). Therefore, we find Appellant filed a timely notice of appeal in this case and we shall consider the issue raised.

[5] Because it was an open plea, Appellant is not precluded from challenging the discretionary aspects of sentencing. *See Commonwealth v. Brown*, 982 A.2d 1017, 1019 (Pa. Super. 2009), *appeal denied*, 990 A.2d 723 (Pa. 2010).

citations omitted)). Here, Appellant filed a timely appeal, preserved the issue in his post-sentence motion, and included a Rule 2119(f) statement in his brief filed with this Court. Therefore, we must determine whether he has raised a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Griffin*, 65 A.3d at 935 (internal quotations and citations omitted).

Appellant offers the following in support of his assertion that he has presented a substantial question:

> [Appellant] contends that the Sentencing Court erred when it failed to impose a sentence that was consistent with the Sentencing Code. Specifically, [Appellant] avers that the Sentencing Court failed to consider and reference the statutory factors in 42 Pa.C.S. § 9721(b), and instead fashioned a sentence that only reflected the seriousness of the crime, which is contrary to the fundamental norms that underlie the sentencing process. *See* [*Commonwealth v. Ruffo*, 520 A.2d 43, 48 (Pa. Super. 1987)].

Appellant's Brief at 12.[6]

---

[6] In *Ruffo*, this Court held that a sentencing court "may not . . . base its sentence upon the seriousness of the crime alone." *Ruffo*, 520 A.2d 48. However, as a panel of this Court recently appreciated,

> *Ruffo* was decided by this Court over one year before the Pennsylvania Supreme Court decided [*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)] (stating that where a PSI exists there is a presumption that the sentencing judge was aware of relevant information regarding defendant's character and

*(Footnote Continued Next Page)*

- 7 -

This Court has recognized that an assertion that the trial court focused solely on the seriousness of the offense raises a substantial question. *See, e.g., Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa. Super. 2020), *appeal denied*, 253 A.3d 213 (Pa. 2021) ("averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question[.]") (citation omitted). *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (same). Therefore, we shall consider the merits of Appellant's claims.

As this Court reiterated in *Derrickson*:

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

weighed those considerations along with mitigating statutory factors and in circumstances where it can be demonstrated that the trial judge had any degree of awareness of the sentencing considerations, the presumption exists that the trial court conducted weighing process meaningfully).

*Commonwealth v. McCarthy*, No. 839 WDA 2020, unpublished memorandum at *6 (Pa. Super. filed April 30, 2021). *See* Pa.R.A.P. 126(b) (non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

***Derrickson***, 242 A.3d at 680 (quoting ***Commonwealth v. Blount***, 207 A.3d 925, 934-35 (Pa. Super. 2019) (additional citation omitted)). "[Our] review of the discretionary aspects of a sentence is governed by 42 Pa.C.S.A. §§ 9871(c) and (d)." ***Id.*** (quoting ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013)).

Appellant does not contend that the trial court misapplied the sentencing guidelines or imposed an unreasonable sentence outside the guidelines. ***See*** 42 Pa.C.S.A. § 9871(c)(1) and (3). Rather, relevant to this case is Subsection 9871(c)(2), which requires that an appellate court vacate a sentence and remand to the trial court with instructions if "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." Here, while acknowledging that his sentence was within the guidelines, Appellant contends the sentence was "disproportionate to the crime without full consideration of the statutory factors listed in 42 Pa.C.S. § 9721(a)."[7] Appellant's Brief at 16.

With respect to our review, Subsection 9781(d) requires that in reviewing the record, we consider:

_____

[7] Section 9721(b) requires, *inter alia*, that a sentence imposed under Section 9721(a) calling for total confinement must take into consideration the sentencing guidelines and be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, and the rehabilitative needs of the defendant, and requires the court to make as a part of the record, and disclose in open court at sentencing, a statement of the reasons for the sentence imposed.

- 9 -

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> (3) The findings upon which the sentence was based.
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Here, the record provides information regarding the nature and circumstances of the offenses, as well as Appellant's history and characteristics. Further, as reflected above, the trial court not only had the opportunity to observe Appellant, but also had the benefit of a PSI. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Concerning the PSI, this Court has recognized that when the sentencing court has the benefit of the PSI, it is

> under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* at 936 (quoting *Devers*, 546 A.2d at 18).

- 10 -

In his brief, Appellant repeatedly asserts that the trial court focused solely on the seriousness of the crime. ***See, e.g.***, Appellant's Brief at 14 ("the Sentencing Court imposed its sentence on [Appellant] due solely to the nature of the crime"); ***id.*** at 15-16 ("statements made by the Sentencing Court clearly illuminate its sole reason behind the imposition of [the] sentence: the nature of the crime"); ***id.*** at 16 ("the Sentencing Court's statements confirm the single-minded focus on the seriousness of the crime"); ***id.*** at 19 ("the sentence imposed was based only on the seriousness of the crime").

Despite Appellant's insistence to the contrary, the trial court properly considered the requisite factors. As noted, the trial court considered the PSI, creating the legal presumption that the court was aware of relevant information regarding Appellant's character and mitigating factors. The court also referenced its consideration of the testimony presented at the sentencing hearing, ***see*** Trial Court Opinion, 2/27/23, at 3-4 (unnumbered), during which Appellant's counsel took the opportunity to recount aspects of Appellant's background as well as his achievements and exemplary behavior during his pre-trial imprisonment, and underscored Appellant's acceptance of responsibility for his conduct. N.T., Sentencing, 2/3/22, at 3-7. Moreover, in addressing the court, Appellant took advantage of the opportunity to make a case for being released from prison and serving the balance of his sentence entirely on probation. ***Id.*** at 13, 18-22. Appellant's contention that the court "failed to consider substantial mitigating evidence presented by defense

counsel about [Appellant's] personal characteristics and rehabilitative needs," Appellant's Brief at 18, is refuted by the record and the court's specific reference to considering the PSI along with "everything presented at the sentencing hearing." Trial Court Opinion, 2/27/23, at 4 (unnumbered).

During the sentencing hearing, the court spoke to accountability, noting that accountability precedes moving on and changing, and expressed the hope that Appellant would do just that, stating:

> [O]bviously, you've shown that you can, because you've used your time constructively and looked towards yourself of how you can—instead of sitting there just absorbing oxygen and not doing anything, you looked at ways of how you can improve your life, and that shows a lot about you; it really does. So I'm hoping that that's something that you do.

N.T., 2/3/22, at 16. The court further acknowledged:

> There's feeling bad for something after it's occurred, but it doesn't negate the fact that you still have to be held accountable for what was done. I completely understand that, which is why I'm not sentencing at each count, I'm not sentencing consecutive to each count, and I'm not sentencing you in the aggravated range. This is why I am sentencing where I am.

*Id.* at 20.

As the trial judge explained, "In sentencing [Appellant], I considered the presentence report, the victim impact statement, the exhibits submitted by [Appellant], the factors for sentencing 42 Pa.C.S. § 9871(d), and everything presented at the sentencing hearing and sentenced [Appellant] accordingly." Trial Court Opinion, 2/27/23, at 4 (unnumbered).

We find no abuse of discretion in the trial court's imposition of a sentence of six to twelve years for robbery followed by eight years of probation. Therefore, we shall not disturb that sentence.

Judgment of sentence affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2023